UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

BRANDON LEE PEOPLES,
           Appellant,

      v.

DEPARTMENT OF THE ARMY,
          Agency.

DOCKET NUMBER
AT-1221-20-0234-W-1

DATE: July 8, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ianna Richardson, Esquire, and Shaun Southworth, Esquire, Atlanta, Georgia, for the appellant.

Gary Levine, Esquire, Arlington Heights, Illinois, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and
did not participate in the adjudication of this appeal.

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We VACATE the administrative judge's finding that the appellant failed to exhaust his administrative remedies, instead finding that the appellant exhausted with the Office of Special Counsel (OSC) his claim that he made a protected disclosure and suffered a covered personnel action, and we otherwise AFFIRM the initial decision.

## BACKGROUND

The appellant is employed as a WG-9 Heavy Mobile Equipment Repairer. Initial Appeal File (IAF), Tab 1 at 7. On January 13, 2020, he filed the instant appeal and attached a copy of a December 2, 2019 letter from OSC notifying him that it was terminating its inquiry into his allegations and providing him notice of his Board appeal rights. *Id.* at 8-10. The administrative judge construed the appellant's filing as an IRA appeal and provided the corresponding jurisdictional burden. IAF, Tabs 2-3. She ordered the appellant to file a statement, accompanied by evidence, listing the following: (1) his protected disclosures or activities; (2) the dates he made the disclosures or engaged in the activities; (3) the individuals to whom he made any disclosures; (4) why his belief in the truth of any disclosures was reasonable; (5) the actions the agency took or failed

to take, or threatened to take or fail to take, against his because of his disclosures or activities; (6) why he believed a disclosure or activity, or a perception of such a disclosure or activity, was a contributing factor to the actions; and (7) the date of his complaint to OSC and the date that it notified him it was terminating its investigation of his complaint, or, if he had not received such notice, evidence that 120 days have passed since he filed his complaint with OSC. IAF, Tab 3 at 7-8.

Pursuant to the January 22, 2020 jurisdictional order, the appellant had until February 3, 2020, to respond.[2] *Id*. at 1, 7. The appellant did not file a response to the jurisdictional order. The agency submitted a timely response requesting dismissal of the appeal, arguing that the appellant failed to make a nonfrivolous allegation that he engaged in whistleblowing activity, or that he made any protected disclosure or engaged in any protected activity that was a contributing factor in the agency's decision to take any personnel action. IAF, Tab 5 at 5-8. Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 6, Initial Decision (ID). The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

To establish jurisdiction in an IRA appeal, an appellant must show by preponderant evidence[3] that he exhausted his remedies before OSC, and make

---

[2] The administrative judge ordered the appellant to respond within 10 calendar days of the date of the jurisdictional order, which was January 22, 2020. IAF, Tab 3 at 1, 8. Because the filing deadline fell on Saturday, February 1, 2020, the appellant had until Monday, February 3, 2020, to file a response. *See* 5 C.F.R. § 1201.23 (providing that, if a filing deadline falls on a weekend or Federal holiday, the filing period includes the next business day).

[3] Preponderant evidence is that degree of relevant evidence a reasonable person, considering the record as a whole, would accept as sufficient to find a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

nonfrivolous allegations that (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39. A nonfrivolous allegation is one that (1) is more than conclusory, (2) is plausible on its face, and (3) is material to the legal issues in the appeal. 5 C.F.R. § 1201.4(s). The Board generally treats OSC exhaustion as a threshold determination before considering whether the appellant's claims constitute nonfrivolous allegations of protected disclosures or protected activities. *See Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶¶ 4-5 (2014) (stating that the first element to Board jurisdiction over an IRA appeal is exhaustion by the appellant of her administrative remedies before OSC, and that the next requirement is that the appellant nonfrivolously allege that she made a made a protected disclosure or engaged in protected activity). In cases involving multiple alleged protected disclosures and personnel actions, an appellant establishes Board jurisdiction over his IRA appeal when he makes a nonfrivolous allegation that at least one alleged personnel action was taken in reprisal for at least one alleged protected disclosure. *Baldwin v. Department of Veterans Affairs*, 113 M.S.P.R. 469, ¶ 6 (2010).

The Board, in *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11, clarified the substantive requirements of exhaustion. The requirements are met when an appellant has provided OSC with a sufficient basis to pursue an investigation. The Board's jurisdiction is limited to those issues that previously have been raised with OSC. However, appellants may give a more detailed account of their whistleblowing activities before the Board than they did to OSC. Appellants may demonstrate exhaustion through their initial OSC

complaint, evidence that they amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations, and their written responses to OSC referencing the amended allegations. Appellants also may establish exhaustion through other sufficiently reliable evidence, such as an affidavit or a declaration attesting that they raised with OSC the substance of the facts in the Board appeal. *Id*.

The burden of proving OSC exhaustion rests with the appellant, and the Board may consider only those protected disclosures and activities and those personnel actions that the appellant first raised with OSC. *Id*. Any doubt or ambiguity as to whether the appellant made nonfrivolous jurisdictional allegations should be resolved in favor of finding jurisdiction. *Rzucidlo v. Department of the Army*, 101 M.S.P.R. 616, ¶ 14 (2006). Once an appellant establishes jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim, which he must prove by preponderant evidence. *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). If the appellant proves that his protected disclosure or activity was a contributing factor in a personnel action taken against him, the agency is given an opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure. *Id*.

<u>We vacate the administrative judge's finding that the appellant failed to prove that he exhausted his administrative remedies before OSC.</u>

On review, the appellant challenges the administrative judge's finding that he failed to prove that he exhausted his administrative remedies with OSC. PFR File, Tab 1 at 8. For the following reasons, we conclude that the administrative judge erred in determining that the appellant failed to exhaust his administrative remedies. We therefore vacate that portion of the initial decision and instead conclude that the appellant met his burden of proving that he exhausted his administrative remedies with OSC.

As the administrative judge noted, the appellant did not provide a copy of his OSC complaint with his initial appeal and has not provided a copy of the complaint with his petition for review. IAF, Tab 1; PFR File, Tab 1; ID at 6-7. He also did not provide an "affidavit, sworn statement, or declaration under penalty of perjury" identifying the nature of his claims. IAF, Tab 3 at 7-8; ID at 7.

However, the appellant did provide a copy of OSC's close-out letter, which does shed some additional light on the jurisdictional matter at issue. IAF, Tab 1 at 8-10. In its letter, OSC identified the appellant's complaint as stating that, in February 2018, he disclosed to his supervisor an allegedly fraudulent fuel card expense form submitted in the appellant's name. *Id.* at 8. In retaliation for his purported disclosure, OSC described, the appellant alleged that agency officials would not permit him to use a fuel card or allow him access to agency vehicles, refused to assist him in inputting his work time into the time and attendance system, wrote him up, issued him a lowered annual performance appraisal rating, failed to select him for three positions, and subjected him to a hostile work environment. *Id.* at 8-9. The letter also states that the appellant reported the above issues to the agency's Office of the Inspector General (OIG) in or around September 2019.[4] *Id.* at 8.

In the initial decision, the administrative judge acknowledged these assertions in OSC's close-out letter but nevertheless concluded that the appellant offered nothing more than a conclusory statement that the agency committed a prohibited personnel practice, and that OSC's letter failed to "identify the context

---

[4] Although OSC's close-out letter identifies that the appellant raised these same issues with OIG, it does not identify any allegation by the appellant that any of the challenged personnel actions were taken in retaliation for his disclosure to OIG, and the appellant did not raise any such claim below or on review. IAF, Tab 1; PFR File, Tab 1. Consequently, we do not interpret OSC's statement as an allegation that the appellant engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C), and we have not considered it as such. *See* 5 U.S.C. § 2302(b)(9)(C) (describing as a protected activity "cooperating with or disclosing information to the Inspector General . . . of an agency . . . in accordance with applicable provisions of law").

in which the appellant raised his claims as to the alleged protected disclosure or personnel actions." ID at 7. Consequently, she concluded that the appellant did not provide evidence that he informed OSC of the "precise ground of his claims," and so he failed to provide OSC with a sufficient basis to pursue an investigation. *Id*.

On review, the appellant argues that the use of the word "fraudulent" in describing his disclosure of an "allegedly fraudulent fuel card expense" sufficiently demonstrates that he alleged a violation of a law, rule, or regulation related to a false statement contained in a government document. PFR File, Tab 1 at 8. We agree. A protected whistleblowing disclosure is a disclosure of information that the appellant reasonably believes evidences any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8); *Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 7 (2016). At the jurisdictional stage, the appellant only is burdened with making a nonfrivolous allegation that he reasonably believed that his disclosure evidenced one of these circumstances. *See Bradley*, 123 M.S.P.R. 547, ¶ 7.

Construing the appellant's claim liberally, falsifying an official expense request could constitute a violation of law under 18 U.S.C. § 1001(a)(3) (describing as unlawful, "mak[ing] or us[ing] any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry"); *see Luecht v. Department of the Navy*, 87 M.S.P.R. 297, ¶ 13 (2000) (finding that the appellant made a nonfrivolous allegation that his disclosure concerning fraudulent training forms evidenced a violation of 18 U.S.C. § 1001, despite the fact that he did not identify the specific law, rule, or regulation that he believed was violated). The agency appears to acknowledge that the appellant disclosed the falsified fuel expense, an investigation into the matter was conducted, the issue was corrected, and changes were made to the

agency's procedures. IAF, Tab 5 at 6, 16. Additionally, although the agency agrees with the administrative judge's finding that the appellant failed to prove exhaustion on review, it did not dispute the appellant's claim that he had exhausted his administrative remedies regarding this purported disclosure below. PFR File, Tab 4 at 5-6; IAF, Tab 5 at 6. Consequently, based on the record before us, we conclude that a reasonable person in the appellant's position could reasonably believe that his disclosure evidenced a violation of law.

Regarding the appellant's claim that he was subjected to a covered personnel action, although the administrative judge did not directly address this portion of the jurisdictional inquiry below, the Board has held that a performance appraisal, even if it was at the "fully successful" performance level and was not tangibly lower in comparison to previous years, can still constitute a covered personnel action under section 2302(a)(2)(A). IAF, Tab 5 at 6-7, 23-26; *Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 16 (2013). A written reprimand is also a covered personnel action, *see Horton v. Department of Veterans Affairs*, 106 M.S.P.R. 234, ¶ 18 (2007), as is a nonselection for a position, *see Johnson v. Department of Health and Human Services*, 87 M.S.P.R. 204, ¶ 9 (2000). Regarding the appellant's allegation that he was subjected to a hostile work environment in response to his purported disclosure, the Board has held that the creation of a hostile work environment may constitute a personnel action under 5 U.S.C. § 2302(a)(2)(A)(xii) to the extent that it represents a significant change in duties, responsibilities, or working conditions. *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 16 (explaining that agency actions that, individually or collectively, have practical and significant effects on the overall nature and quality of an employee's working conditions, duties, or responsibilities will be found to constitute a personnel action covered by subsection 2302(a)(2)(A)(xii)). Accordingly, we conclude that the appellant also nonfrivolously alleged that he suffered a covered personnel action.

<u>We nonetheless agree with the administrative judge's finding that the appellant did not make a nonfrivolous allegation that his disclosure was a contributing factor in the agency's decision to take any of the identified personnel actions.</u>

The next jurisdictional inquiry is whether the appellant made a nonfrivolous allegation that his disclosure was a contributing factor in the agency's decision to take or fail to take any personnel action. *Salerno*, 123 M.S.P.R. 230, ¶ 5; *see* 5 U.S.C. §§ 1221(e)(1), 2302(b)(8), (b)(9)(A)(i), (B), (C), or (D). To satisfy the contributing factor criterion, an appellant need only raise a nonfrivolous allegation that the fact or content of the protected disclosure or the protected activity was one factor that tended to affect the personnel action in any way. *Salerno*, 123 M.S.P.R. 230, ¶ 13. One way to establish this criterion is the knowledge/timing test, under which an appellant may nonfrivolously allege that the disclosure or activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure or activity, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action. 5 U.S.C. § 1221(e)(1); *see Salerno*, 123 M.S.P.R. 230, ¶ 13.

In an alternate finding, the administrative judge concluded that, even if the appellant proved that he exhausted his administrative remedies with OSC, he nevertheless failed to make a nonfrivolous allegation that his protected disclosure or activity was a contributing factor in the agency's decision to take any personnel action. ID at 7 n.7. We agree with this alternate finding. As previously noted, the appellant failed to respond to the administrative judge's IRA jurisdiction order, so the only information we have to rely on is the sparse narrative statement he provided with his initial appeal, along with OSC's characterization of the appellant's claims as identified in its close-out letter. IAF, Tab 1. The Board has held that a personnel action taken within 1 to 2 years of a protected disclosure satisfies the "timing" portion of the knowledge/timing

test. *Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 21 (2015). Consequently, the challenged personnel actions, all of which the appellant alleges occurred at some point between when he made his disclosure in February 2018, and when he filed his OSC complaint in November 2019, appear to meet the "timing" portion of the test. IAF, Tab 1 at 4, 8-9.

With regard to the "knowledge" portion of the test, the paucity of relevant information included in these two documents makes it impossible to discern what, exactly, the appellant disclosed with regard to the fraudulent fuel card expense, who was responsible for each of the allegedly retaliatory actions, and which responsible management officials were aware of the appellant's purported disclosure at the time they took the allegedly retaliatory personnel actions. IAF, Tab 1 at 5, 8-9. The appellant also has not elaborated on any of these matters on review. PFR File, Tab 1. Based on the existing record, we conclude that the appellant has failed to satisfy the "knowledge" portion of the test. Accordingly, we conclude that the appellant failed to meet his burden under the knowledge/timing test, i.e., to nonfrivolously allege that his protected disclosure was a contributing factor in any of the personnel actions taken against him. *See Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 12 (2015) (finding that vague, conclusory, and unsupported allegations do not satisfy the Board's nonfrivolous pleading standard); *see also Stiles v. Department of Homeland Security*, 116 M.S.P.R. 263, ¶ 23 (2011) (finding that the appellant failed to establish contributing factor through the knowledge/timing test when he failed to show that any of the officials involved in his nonselection were aware of his protected disclosure).

The knowledge/timing test is not the only way for an appellant to satisfy the contributing factor standard. *Stiles*, 116 M.S.P.R. 263, ¶ 24. If the appellant fails to satisfy that test, the Board shall consider other evidence, such as that pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the

proposing or deciding officials, and whether those individuals had a desire or motive to retaliate against the appellant. *Id.* As explained above, based on the existing record, we cannot discern which of the management officials responsible for the challenged personnel actions had actual or constructive knowledge of the appellant's protected disclosure. Despite being afforded the opportunity to do so, the appellant failed to provide additional detail related to his jurisdictional burden below, and he makes no argument regarding the contributing factor criterion on petition for review. IAF, Tab 1; PFR File, Tab 1. Accordingly, we agree with the administrative judge's alternate finding and conclude that the appellant failed to nonfrivolously allege that he made a protected disclosure that was a contributing factor in the agency's decision to take a covered personnel action. Based on the appellant's failure to establish Board jurisdiction over his IRA appeal, it was properly dismissed.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        _____
                      Gina K. Grippando
                      Clerk of the Board
Washington, D.C.